Ben M. COMBS, Commissioner, and the Department of Motor Transportation, Appellant,

v.

DAVE BOSTER, INC., Appellee.

Court of Appeals of Kentucky.

Feb. 5, 1965.

Robert Matthews, Atty. Gen., F. P. Farmer, Sp. Asst. Atty. Gen., Frankfort, for appellant.

Rudy Yessin, Smith, Reed, Yessin & Davis, Frankfort, for appellee.

WADDILL, Commissioner.

This appeal presents the question of whether regulation 12–02 of the Department of Motor Transportation contravenes KRS-281.665(7) in that it has the effect of improperly restricting the operations of Dave Boster, Inc. The trial judge answered this affirmatively.

Under the provisions of KRS 281.665 (7), if the Department ceases to designate a certain commodity as "exempted," a qualified motor carrier "may be entitled to such authority as will thereafter authorize continuation of the same operation which was being conducted at the time of the department's action in removing the item or items."

The exempted commodities which Boster, Inc., was previously authorized to transport were removed from exempted status by an order dated November 17, 1959. Prior to

this date Boster, Inc., had received shipments originating in zone one of Ft. Campbell, Kentucky. On August 5, 1960, the Department promulgated regulation 12–02 providing that when certificates issued to carriers, such as Boster, Inc., were reissued they would "restrict the location of the terminal and office facilities to a single designated town or city and its commercial area."

Subsequently the transportation officer at Ft. Campbell was advised by the Department that Boster, Inc., was not authorized to have a terminal and office at any place except Bowling Green, Kentucky. Accordingly, the transportation officer notified Boster, Inc., that its office in Trenton, Kentucky, was ineligible to receive shipments from zone one of Ft. Campbell.

The Department contends that regulation 12–02 could not possibly restrict Boster, Inc's. operations since the last sentence of that regulation provides:

"Nothing herein shall be so construed as to limit the points of origin or destination which may be served under such a certificate."

■ It appears from the pleadings and exhibits that in order to continue serving zone one of Ft. Campbell Boster, Inc., must have an authorized place of business within 30 miles of zone one. In restricting Boster, Inc., to a terminal and office in a single area the regulation has the effect of preventing it from continuing its zone one, Ft. Campbell operations. It, therefore, does contravene KRS 281.665(7).

■ The Department further contends that regulation 12–02 does not contravene the statute when read in connection with regulation 12–03, promulgated August 16, 1961, providing that if a carrier had more than one terminal and office prior to January 1, 1961, such a carrier is entitled to have these additional places shown on its certificate. However, the record does not disclose that Boster, Inc., operated an office in Trenton prior to January 1, 1961. If it did not, regulation 12–03 would be inapplicable to Boster, Inc. Hence, this contention is unmeritorious.

Under these circumstances we hold that the Department may not restrict Boster, Inc., to a terminal and office in Bowling Green. We do not find it necessary to determine the broader question of the authority of the Department to restrict terminals and offices of carriers generally.

The judgment is affirmed to the extent it is consistent with this opinion.